**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN JACKSON DIVISION**

**TERRI SULLIVAN**                                                              **PLAINTIFF**

**v.**                                      **CIVIL ACTION No.3:25-cv-00550-HTW-LGI**

**SMITH COUNTY SCHOOL DISTRICT;**
**JOHN KING, INDIVIDUALLY; AND**
**JOEL HOUSTON, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY**                                    **DEFENDANT**

**JOHN KING'S AND SMITH COUNTY SCHOOL**
**DISTRICT'S MEMORANDUM IN SUPPORT OF**
<u>**MOTION FOR JUDGMENT ON THE PLEADINGS TO SECTION 1983 CLAIMS**</u>

**COMES NOW**, Defendants' John King and Smith County School District, by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 12(c) and respectfully submits their Memorandum of Authorities in support of their Motion for Judgment on the Pleadings. Defendants would show:

**I.**      **Introduction**

Plaintiff Terri Sullivan was employed by J&L Janitorial Services ("J&L") and assigned by J&L to perform custodial duties at Raleigh Elementary School, which is part of Defendant Smith County School District ("the School District"). Ms. Sullivan alleges that because she was critical of Smith County Sheriff Joel Houston and Deputy Wayne Thompson's investigation of the death of her son, she was reassigned to another school and subsequently terminated. Plaintiff's Amended Complaint asserts §1983 claims against all Defendants for their purported retaliatory actions in violation of her First Amendment rights under the Constitution in response to her alleged public criticism. For all the reasons outlined herein, Plaintiff fails to state a viable First Amendment retaliation claim against the School District and Superintendent King.

## II.     Facts as Pleaded in the Amended Complaint

Plaintiff's Amended Complaint alleges that Defendants "retaliated" against her by interfering with her "employment relationship with J&L Janitorial Services and Smith County School District and ultimately terminating [her] employment with J&L Janitorial Services and Smith County School District" in violation of her First Amendment rights under the U.S. Constitution. Am. Compl. ¶21, ¶25. Plaintiff also asserts a claim against Superintendent John King in his individual capacity for tortiously interfering with her employment relationship with J&L and Smith County School District. Am. Compl. ¶29.[1]

Plaintiff concedes that she was hired in 2023, not by Smith County School District, but by Kleen Pro, LLC (later bought out by J&L), to provide janitorial services for Raleigh Elementary School. Am. Compl. ¶¶7-9. According to Plaintiff, J&L is owned by Lottie Keyes. Plaintiff further alleges she appeared on local television news on April 3, 2025, concerning the Smith County Sheriff's Department's investigation of her son's 2024 death. Am. Compl. ¶¶10-13. During that appearance, Plaintiff alleges that she criticized the Smith County Sheriff's Department and called for the resignation of Sheriff Joel Houston and Deputy Sheriff Wayne Thompson. Am. Compl. ¶¶11-14. On April 15, 2025, Plaintiffs maintains that Lottie Keyes reassigned her to Raleigh High School and reduced her pay. Am. Compl. ¶¶15-16.

On April 16, 2025, Plaintiff maintains that she wrote to Superintendent John King to inquire about the reason for Ms. Keyes' reassignment of Plaintiff to Raleigh High School. Am. Compl. ¶17. In that correspondence Plaintiff alleges that she recounted to King she had been reassigned and was told that the school board or "higher administration" had been involved. Am. Compl. ¶ Days later, Plaintiff alleges that Keyes terminated her employment. Am. Compl. ¶¶18-19. Plaintiff

---

[1] The motion for judgment on the pleadings only prays for relief from the federal claims against the movants.

avers that Keyes informed her she was terminating Plaintiff because "according to Superintendent King, Sheriff Houston did not want Plaintiff working where" the sheriff's "kids attended school i.e., Raleigh Elementary School." Am. Compl. ¶19.

### III.   Standard

"A Rule 12(c) motion is subject to the same standard as a motion to dismiss under FRCP 12(b)(6)." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). "The court may also consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *Griffin v. HSBC Mortg. Servs.*, 2016 U.S. Dist. LEXIS 35255, at *27 (N.D. Miss. Mar. 18, 2016) (quoting *Gallentine v. Hous. Auth. of City of Port Arthur, Tex.*, 919 F. Supp. 2d 787, 794 (E.D. Tex. 2013) (collecting cases)). "To withstand a motion to dismiss, a complaint must allege more than labels and conclusions, as a formulaic recitation of the elements of a cause of action will not do. It must state a plausible claim for relief, rather than facts merely consistent with liability." *Heinze v. Tesco Corp.,* 971 F.3d 475, 479 (5th Cir. 2020). The Court must set aside "any unsupported legal conclusions," the truth of which the Court cannot assume. *Id.* The Court must also ask "whether the remaining allegations are sufficient to nudge the plaintiff's claim across the plausibility threshold." *Id.*

### IV.   Legal Analysis

####    A.   **Plaintiff's Fails to Establish a Prima Facie §1983 Cause of Action.**

Section 1983 of the United States Code states that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…

42. U.S.C. §1983. Section "1983 confers no substantive rights, but merely provides a remedy for the violation [,] by a person acting under color of state law,] of rights secured under the

Constitution and laws of the United States." *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (citing *Kirchberg v. Feenstra*, 708 F.2d 991, 1000 (5th Cir. 1983). *Hernandez ex rel. Hernandez v. Texas Department of Protective and Regulatory Services*, 380 F.3d 872, 879-80 (5th Cir. 2004)).

In other words, to succeed on a §1983 claim, Plaintiff must prove a "(1) deprivation of a federal right (2) under color of state law. 42 U.S.C. § 1983." *Phillips v. Vandygriff,* 711 F.2d 1217, 1221 (5th Cir. 1983). Here, Plaintiff's Amended Complaint asserts a §1983 claim for alleged retaliatory conduct by Defendants John King and the School District in response to what Plaintiff maintains was protected speech under the First Amendment of the Constitution. To prevail on a First Amendment retaliation claim, Plaintiff must show (1) that she suffered an adverse employment decision; (2) that she engaged in speech or associational activity involving a matter of public concern; (3) under the balancing test, the interest in "commenting on matters of public concern . . . outweigh[ed] the Defendant's interest in promoting efficiency"; and (4) the speech or associational activity "motivated the adverse employment decision." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 601 (5th Cir. 2001) (ellipsis in original) (quoting *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 220 (5th Cir. 1999).

As an initial matter, Plaintiff cannot show that the alleged retaliatory employment decision was administered "under the color of state law" –a necessary element of her §1983 claim. The Amended Complaint alleges that Plaintiff Terri Sullivan was employed by J&L, a private entity. In addition, Plaintiff Sullivan contends that Lotties Keyes, the owner of J&L, transferred her to Raleigh High School and subsequently terminated her employment. Am. Compl. ¶¶18-19. In fact, the Amended Complaint refers to J&L as her "direct employer." Am. Compl. ¶17. Because the alleged "retaliatory" acts, *i.e.,* Ms. Sullivan's transfer and subsequent termination, were administered by

Lottie Keyes, the owner of J&L and a private actor, these acts cannot be said to have culminated in a violation of a constitutional right or to have been executed by a defendant acting under the color of law. Thus, the federal §1983 claim is subject to dismissal with prejudice.

### B. Plaintiff's Claims Against Smith County School District Do Not Meet the *Monell* Standard and Must be Dismissed

A school district "cannot be held liable under § 1983 on a respondeat superior theory." *Littell v. Houston Independent School District*, 894 F.3d 616, 622 (5th Cir. 2018) (citing Monell *v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). "Rather, the school district itself must have caused the violation." *Id.* Thus, to state a § 1983 claim against the School District, Ms. Sullivan must demonstrate "(1) that a constitutional violation occurred and (2) that an 'official policy' attributable to the school district's policymakers (3) 'was the moving force' behind it." *Id.* at 622-23. A plaintiff might show an "official policy" based on "[a] single action by a municipal official possessing final policymaking authority regarding the action in question.…" *Beattie,* 254 F.3d at 602 (citing *Brady v. Fort Bend County*, 145 F.3d 691, 698 (5th Cir. 1998) (citing *McMillian v. Monroe County*, 520 U.S. 781, 138 L. Ed. 2d 1, 117 S. Ct. 1734 (1997))). The "determination of whether a municipal official wields final policymaking authority regarding a particular action constitutes a question of state law." *Id.* "In Mississippi, the school board has the power 'to select all school district personnel.'" *Id.* (citing Miss. Code Ann. § 37-7-301(p) (2000)).

The School District cannot be held liable under a theory of respondeat superior for the alleged acts of its employee, John King, or for the actions of a third-party contractor such as J&L. And the Amended Complaint wholly fails to allege that any employment action taken by King against Ms. Sullivan was the result of an official policy, custom or practice of the School District.

Indeed, given that she was not a School District employee, the transfer nor the termination could be said to have resulted from School District policy. Am. Compl. ¶¶7-9.

In addition, by alleging that the superintendent engaged in any retaliatory employment action against her, Plaintiff fails to allege that a final policymaker for the School District participated in her reassignment or termination since Plaintiff fails to allege that the Smith County School Board took any employment action against her. *See* Am. Compl. ¶19. Moreover, the Amended Complaint fails to plead that the School Board delegated this authority to Superintendent King. *See Dearman v. Stone Cty. Sch. Dist.*, 832 F.3d 577, 581 (5th Cir. 2016). For this reason, to the extent that Plaintiff's claim against the School District is based solely on the actions of John King, the § 1983 claim against the School District must be dismissed for failure to state a claim upon which relief might be granted.

Notably, although Plaintiff is said to have alleged to Superintendent King in her April 2025 letter to him that she was told that either the school board or "higher administration" had her reassigned to the high school, the Amended Complaint contains no facts which suggest the School District's board took in any action related to her termination or had any involvement in the same.

### C. Plaintiff's Amended Complaint Fails to State a Section 1983 Claim Against John King, Individually, Because it Fails to Show That He Was Involved in the Employment Action

Plaintiff Sullivan's 1983 claim against Superintendent King in his individual capacity also fails to state a claim upon which relief can be granted because she fails to plead that King transferred or terminated her or that he owed her any duty. It is well settled that "individual liability under §1983 may not be predicated on the vicarious liability doctrine of respondeat superior. Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to

6

individual liability under § 1983." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Santander v. Salazar*, 133 F.4th 471, 478 (5th Cir. 2025) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)). "When confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead 'facts which, if proved, would defeat [the] claim of immunity.'" *Id*. (citing *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023) (quoting *Waller v. Hanlon,* 922 F.3d 590, 599 (5th Cir. 2019)).

In the Amended Complaint, Plaintiff alleges that Lottie Keyes terminated Plaintiff because "according to Superintendent King," Sheriff Houston did not want Plaintiff working at the same school that the sheriff's children attended, namely Raleigh Elementary. Am. Compl. ¶19. Plaintiff's Amended Complaint further alleges that she stated in a letter to John King concerning her reassignment that she was "advised" that either the school board "or higher administration" had been the cause of her reassignment. Am. Compl. ¶19. Yet Plaintiff fails to plead with any specificity how King was involved in the same or what duty King would owe to Plaintiff, who was not a School District employee. Am. Compl. ¶ 19. And Plaintiff wholly fails to allege how Superintendent King was involved in terminating her. Rather, her Amended Complaint concedes that Ms. Keyes, her "direct employer," terminated her on a phone call. Am. Compl. ¶¶18-19. Because King cannot be held liable under a respondeat superior theory for the actions of a contractor (Lottie Keyes and J&L) King must be dismissed in his individual capacity.

7

## Conclusion

For all the reasons outlined herein, given that Plaintiff is employed by a janitorial company that is a private entity and because Plaintiff alleges that the owner of that private entity executed both employment actions against her, Ms. Sullivan cannot state a claim under §1983 and the claims are due to be dismissed with prejudice.

Moreover, Plaintiff Ms. Sullivan fails to plead any facts that demonstrate her alleged retaliatory termination was due to a policy, practice or custom of the School District. In addition, Plaintiff has failed to assert any facts which show that a final policymaker for the School District on personnel matters was involved in her termination. Given that she cannot prevail on a First Amendment claim against the School District in the absence of these facts, alternatively, this claim is due to be dismissed without prejudice.

Significantly, Plaintiff fails to plead with any specificity how Superintendent John King was personally involved in transferring or terminating Plaintiff and thus her First Amendment against King individually must be dismissed. Alternatively, Plaintiff has not pleaded sufficient facts to overcome King's qualified immunity affirmative defense, which likewise warrants dismissal of her federal claim against him.

**RESPECTFULLY SUBMITTED**, this the 30th day of October, 2025.

**DEFENDANTS JOHN KING AND SMITH COUNTY SCHOOL DISTRICT**

By:   */s/ Jessica S. Malone*
Jessica S. Malone, MSB NO. 102826
*Attorney for Defendants*

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. (662) 843-6171
Fax No. (662) 843-6176
Email: jmalone@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Jessica Malone, attorney of record for Defendants John King and Smith County School District, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities* to be delivered by the ECF Filing System which gave notice to the following:

> Louis H. Watson, Jr., Esq.
> Nick Norris, Esq.
> Watson & Norris, PLLC
> Email: nick@watsonnorris.com
>         louis@watsonnorris.com
> **Attorneys for Plaintiff**

**DATED** this the 30th day of October, 2025.

         */s/ Jessica S. Malone*
         Jessica S. Malone